IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELAYNE D. BOOSE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV228 |
| | ) | |
| v. | ) | |
| | ) | |
| FURNITURE ON CONSIGNMENT, INC., d/b/a ROD KUSH'S RENT TO OWN, a Nebraska corporation, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on plaintiff's motion for default (Filing No. 12) and on defendant's motion for leave to file an answer out of time and to set aside the clerk's entry of default (Filing No. 18). Plaintiff has filed a brief in response to defendant's motion.

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). "Both the entry of a default judgment and the ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court." *U. S. on Behalf of & for the Use of Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)(*citing Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977)). "'There is a judicial preference for adjudication on the merits,' and it is likely that a party who promptly attacks an entry of default, rather that waiting for grant of a default judgment, was

guilty of an oversight and wishes to defend the case on the merits."  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998)(*quoting Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993)).[1]

In considering whether to set aside an entry of default the Court must consider these factors: (1) "whether the conduct of the defaulting party was blameworthy or culpable," (2) "whether the defaulting party has a meritorious defense," and (3) "whether the other party would be prejudiced if the default were excused."  *Johnson*, 140 F.3d at 783-84.  The Eighth Circuit continues to apply this standard in considering Rule 55(c) motions.  *See U.S. ex rel Shaver v. Lucas Western Corp.*, 237 F.3d 932, 933 (8th Cir. 2001)(*citing Johnson* on the standard to set aside entry of default); *see also Richardson v. Intown Suites Burnsville, L.P.*, 2006 U.S. Dist. LEXIS 12502, at *6 (D. Minn. March 22, 2006)(applying *Johnson* factors); *see also United States v. Kennedy*, 2006 U.S. Dist. LEXIS 2557, at *5 (D. Minn. Jan. 5, 2006)(listing *Johnson* factors).

**Culpability**

Under *Johnson*, the Court begins its analysis of whether to set aside the default with consideration of defendant's

---

[1] Cases cited by plaintiff in her brief are district court decisions which predate the Eighth Circuit's decision in *Johnson* and which address setting aside "default judgments" rather than simply setting aside the entry of a default.

culpability for the failure to timely respond to the complaint. After the initial pleadings on behalf of the defendant, while it appears that David Nich ("Nich"), defendant's agent of record when the complaint was filed (and now former agent and attorney) was aware of this action, Nich never made the defendant aware of the action.  The record reflects that as recently as May 8, 2006, Nich, Norma Thiem, defendant's human resources director, and David Pavel, defendant's new attorney, met to discuss pending cases.  Ms. Boose's NEOC action was specifically discussed.  Nich represented that "the matter had been settled, resolved and closed and nothing further needed to be done."  (Def. Motion, ¶ 3).  It was not until May 30, 2006, when Nich delivered copies of plaintiff's complaint and motion for default to Pavel, that defendant became aware of this action and of Nich's failure to properly respond to the complaint (Def. Motion, ¶ 1).  Once defendant had actual knowledge of this complaint, an answer was filed within two days.  As the *Johnson* court noted, "it is likely that a party who promptly attacks an entry of default rather that waiting for a grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson,* 140 F.3d at 783-84 (8th Cir. 1998)(*quoting Oberstar v. FDIC*, 987 F.2d 494, 504 (8th Cir. 1993)).  The fact defendant filed an answer within two days of becoming aware of this complaint evidences an intention to defend this case on its merits, and the

-3-

Court finds that this factor weighs in favor of setting aside the default.

**Meritorious Defense**

The next *Johnson* factor directs the Court to consider whether the defaulting party has a meritorious defense. *Id.* at 785. Defendant suggests the affirmative defense of estoppel and expresses the opinion that plaintiff's claim is without merit and will not be substantiated by the evidence (Affidavit of Norma Theim, ¶ 8). The Court accepts for purposes of the current motion that factual and/or legal questions are suggested on this factor of the analysis. This factor weighs in favor of setting aside the default.

**Prejudice to Plaintiff**

Plaintiff does not address whether and to what degree prejudice to plaintiff will result if the Court sets aside the entry of default against defendant. "Prejudice may not be found from delay alone. . . ." *Id.* To establish the "prejudice" factor of the *Johnson* test, the plaintiff must be prejudiced in some "concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Hayek v. Big Brothers/Big Sisters of Am.*, 198 F.R.D. 518, 524, 2001 U.S. Dist. LEXIS 934, at *20 (N.D. Iowa 2001)(*quoting Johnson*, 140 F.3d at 785). Here, plaintiff has not evidenced that she would be prejudiced in any concrete way if the

-4-

Court sets aside the default.  Nothing in the record suggests that setting aside the entry of default would result in loss of evidence, increased discovery difficulties or greater opportunities for fraud and collusion.  This factor weights in favor of setting aside the default.

**Conclusion**

Having found that all three *Johnson* factors weigh in favor of setting aside the default, the Court will grant defendant's motion (Filing No. 18) to set aside the clerk's entry of default (Filing No. 10).  Accordingly,

IT IS ORDERED:

1)  The Clerk's entry of default (Filing NO. 10) is set aside.

2)  Plaintiff's motion for default judgment (Filing No. 12) is denied.

3) Defendant's motion for leave to file an answer out of time (Filing No. 18) is granted.

4) Defendant's answer (Filing No. 17) is deemed timely filed.

DATED this 26th day of June, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court